GEORGE W. FINCH v. THOMAS S. MAGILL.

LOST CONTRACT — *Presumed Nature — Unnecessary Party to Foreclosure.* S., the patentee of a tract of land, conveyed the same to A., taking from A. a mortgage to secure the purchase-money; and afterward A. conveyed said land to F., and as part consideration F. agreed to pay the mortgage debt due from A. to S.; and to secure said payment the following words were inserted in the deed: "It is fully agreed and understood by all the said parties that said tract of land shall be and remain fully bound to secure full payment of the above sum of $750, with interest on the same; but on full payment thereof this deed shall become indefeasible and absolute;" and afterward S. sold the land to W., and as part consideration W. agreed to pay the mortgage debt to S., which F. had agreed to pay; and W. went into possession of the land, and received from F. a contract in writing, which written contract was afterward lost, and not recorded; and no evidence was introduced showing clearly the nature and character of this contract. No part of the mortgage debt being paid, S. brought foreclosure proceedings, and made A. and W. parties, and S. at the foreclosure sale purchased the land; and afterward W. abandoned the land, and it was afterward duly conveyed to the plaintiff. *Held,* That, in the absence of proof clearly showing the nature and character of the contract or conveyance from F. to W., it will be presumed and held to be of as high a character as the conveyance from A. to F., and that whatever title F. had was by the said conveyance transferred to W., and that F. was not a necessary party to the foreclosure proceedings of S.

*Error from Miami District Court.*

THIS action was commenced by defendant in error to quiet his title to a quarter-section of land situate in Miami county.

Plaintiff alleged that he was the owner of the land in controversy, and in possession thereof, and that the defendant, plaintiff in error, claimed to own the east half of said land; that said claim of title was a cloud upon plaintiff's title which plaintiff asked to have removed, and his title quieted against said defendant. The defendant answered, denying plaintiff's title, and setting up title in himself; alleging that he purchased the land from one W. A. Arnold, subject to a mortgage of $750 given by Arnold to one Sharp, and asked that he be allowed to redeem said land from said mortgage; that there be an accounting of the rents and profits; that he was willing and ready to pay the balance found due, if any, and that his claim of title was founded upon the following conveyance:

"This deed, made this 7th day of October, 1870, between William A. Arnold and Elizabeth Arnold his wife, of the first part, and George W. Finch, of the second part, witnesseth: That the said William A. Arnold and Elizabeth his wife, this day, for and in consideration of the sum of one thousand dollars, to be paid in manner as follows, viz.: two hundred and fifty dollars in hand paid, the receipt whereof is hereby acknowledged, and the balance, consisting of seven hundred and fifty dollars, to be paid on a mortgage given by said Arnold to Joshua W. Sharp, and now of record in the city of Paola, when said mortgage becomes due, with interest at ten per cent. per annum, to be paid annually by said Finch, do bargain, grant, sell and convey, by these presents, unto the said Finch, his heirs and assigns, the east half of the southwest fractional quarter of section number fourteen, in township sixteen, of range number twenty-five, situated in Miami county and state of Kansas, to have and to hold the said tract or parcel of land, with all the appurtenances thereunto belonging, unto the said George W. Finch, his heirs and assigns forever, with general warranty of title: provided, and it is fully agreed and understood by all said parties, that said tract of land shall be and remain fully bound to secure full payment of the above-named sum of seven hundred and fifty dollars, together with the interest on the same, but on full payment thereof this deed shall become indefeasible and absolute.

"In witness of all of which, the said William A. Arnold

and Elizabeth his wife have hereunto set their hands and seals, the day and year first above written.

WILLIAM A. ARNOLD. [Seal.]

ELIZABETH $\times$ ARNOLD. [Seal.]"
Her
mark.

At the May Term, 1885, this action was tried by the court, which made findings of fact and conclusions of law, and rendered judgment for the plaintiff, quieting his title as prayed for. The defendant brings the case here.

*Brayman & Sheldon,* for plaintiff in error.

*J. A. Hoag,* for defendant in error.

Opinion by CLOGSTON, C.: The facts as found by the court show that one J. W. Sharp was the patentee of the land, and that he conveyed the same to W. A. Arnold, and in part payment therefor received a note for $1,500, secured by mortgage on the land; that on the 7th day of October, 1870, Arnold and wife conveyed by the instrument attached to defendant's answer, being exhibit "A," the east half of the land in controversy to the defendant, for a consideration of $1,000, $250 cash, and $750, with interest, to be paid on the mortgage executed by Arnold and wife to Sharp. Defendant went into possession of the land, and retained possession until 1872, when defendant entered into a contract in writing for the sale and transfer of the land to John Q. White, but said contract was never of record. White took possession of the land, and remained in possession until about the first of January, 1875. The consideration of the contract between defendant and White was, that White was to pay the defendant $550, for which sum he executed his notes, and was also to pay the Arnold mortgage to Sharp of $750, which Finch had agreed to pay as purchase-money for the land. White abandoned the land, and the same remained unoccupied until 1881. Neither Finch nor White paid any part of the $750 on the Sharp mortgage, except one installment of interest, and one year's taxes on the land. In 1874, Sharp brought an action to foreclose the mortgage, making Arnold and wife and John Q. White defendants.

A decree of foreclosure was entered, and the land sold thereunder, and was purchased by Sharp. Sharp, by will, conveyed the land to Davidson, who conveyed the land by deed to plaintiff. In 1881, plaintiff took and retained possession of the land, and made valuable improvements thereon. The land, at the time of the foreclosure, was of the value of $1,200; it is now of the value of $2,500.

Defendant now claims that he was not made a party to the foreclosure proceedings in the suit by Sharp; that he still has a title and interest in the land, and a right to redeem from the mortgage. It will be remembered that White was in possession of the land at the time of these foreclosure proceedings, under some contract in writing, and that he had executed his notes for the balance of the purchase-money after deducting the Sharp mortgage. What the nature of this written instrument was is not clearly shown by the evidence. In fact, the only evidence given of this instrument was by the defendant, and he testified that it was lost, and that he did not recollect what it contained, or whether it was signed by his wife, or acknowledged; but thought it was a contract to convey the land upon the payment of the purchase-money. The burden of establishing the character and nature of this instrument was upon the defendant. He had conveyed the land by some instrument to White; White was in possession, claiming title to the land. If this contract or deed, or whatever it was, was of the same character as the conveyance by Arnold to Finch, then it would have conveyed all the interest and right that Finch had to the land, and White would have been a necessary party in the foreclosure, but Finch would not be. This conveyance from Arnold to Finch was not an absolute conveyance; it was coupled with conditions; it was only to become absolute and indefeasible upon the payment of this $750, and that was never paid; and in the absence of better evidence than that given by the defendant, we shall presume that the transfer of what right Finch had to the land was of as high a character as that received by him from Arnold.

Taking into consideration the lapse of ten years since the

sale of the land under the mortgage, its increased value, and the fact that the defendant paid no part of the mortgage debt, but seemingly abandoned the land, we do not think that he now ought to be heard to urge his right to redeem, when all the presumptions are against that claim. (*Fowler v. Marshall,* 29 Kas. 665.)

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.